# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-51258
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS LOPEZ-EUCEDA, also known as Luis Miguel Euceda-Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-299

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Luis Lopez-Euceda (Lopez) appeals his 52-month sentence imposed following a guilty plea conviction for being found unlawfully present in the United States following deportation. He argues that the district court plainly erred in imposing a 16-level enhancement based on his prior Florida convictions for aggravated battery. The district court characterized those convictions as crimes of violence pursuant to U.S.S.G. 2L1.2(b)(1)(A)(ii).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51258

According to Lopez, aggravated battery under the Florida statute is not a crime of violence because it may be committed in ways that do not involve the use, attempted use, or threatened use of force. The Government was permitted to supplement the record to provide copies of the criminal informations and judgments documenting Lopez's prior convictions for aggravated battery. The Government contends that the documents show that the offenses required as an element of proof the use of physical force or violence.

As Lopez concedes, he did not object to the enhancement in the district court and, therefore, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish reversible plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 135. If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Section 2L1.2 provides that the offense level for unlawfully reentering the United States shall be increased by 16 levels if the defendant has a prior conviction for a crime of violence and the prior conviction receives criminal history points. § 2L1.2(b)(1)(A)(ii). The comments following that Guideline define a crime of violence as a number of enumerated offenses or any other offense that has as an element the use, attempted use, or threatened use of physical force against the person of another. § 2L1.2, comment. (n.1 (B)(ii)).

If a statute has disjunctive subsections, we may apply a modified categorical approach to determine under which statutory subsection the defendant was convicted. *See Descamps v. United States,* 133 S. Ct. 2276, 2283-85 (2013). Under that approach, we may review "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and

any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

In *United States v. Ceron,* 775 F.3d 222, 224 (5th Cir. 2014), the defendant also argued that the use of force was not a necessary element for a conviction under the same Florida aggravated battery statute, Fla. Stat. § 784.045(1)(a)(1). *Ceron* held that the modified categorical approach could be applied in analyzing the statute because the aggravated battery offense required the defendant to be guilty also of simple battery, an offense defined in a separate statute, and the two statutes have "disjunctive subsections" giving rise to multiple, alternative versions of the crime. 775 F.3d at 228. The court noted that the defendant had been charged with actual and intentional touching or striking of the victim and with causing great bodily harm and that because the offense involved both of those elements, it necessarily involved the use of force. *Id.* at 228-29.

The criminal informations and judgments supporting Lopez's prior Florida aggravated battery convictions reflect that he also was charged with intentionally touching or striking the victims and with knowingly or intentionally causing great bodily harm and/or permanent disfigurement to the victims. Thus, in accord with the holding in *Ceron*, Lopez's prior offenses also required proof of elements showing that a use of force was employed in committing the offenses. Lopez has not demonstrated that the district court committed error, plain or otherwise, in making the 16-level enhancement based on his prior aggravated assault convictions being a crime of violence. *See Puckett*, 556 U.S. at 135. His sentence is AFFIRMED.